By the Court

Lumpkin, C. J.,
delivering the opinion.
1. Way & Taylor attached the property of Brown, one of the firm of Brown & Carmichael, and the property was claimed by James Clark, as trustee for Mrs. Brown. Mrs. Brown, formerly Mrs. Bedingfield, was a legatee of her former husband’s estate. Her interest in the estate was estimated to be worth *153 010,000 00. At the time of her intermarriage with Henry Brown she lived in Lumpkin, Stewart county. Brown, who transacted business in Oglethorpe city, Macon county, and owned a plantation in Marion county, entered into a marriage settlement with his wife at the time, to-wit: the 3d of December, 1853, and the deed was recorded two days thereafter, in Stewart county, to-wit: the 5th of December, 1853. After residing with his wife about one month in Lumpkin, they removed to Americus, Sumter county, and the first question made in the record, was as to the date of the registration of the marriage settlement. The original deed was before the Court, with the clerk’s certificate indorsed thereon, but it was doubtful whether the figures should be read 1853 or 1855, a very material fact. All the evidence showed that it was intended to be 1853; but to remove the doubt, and make assurance doubly sure, a certified copy of the deed, taken from the record book in Stewart, together with the clerk’s certificate of registration at the bottom, taken from the record book, was offered in proof, and rejected by the Court. Wherein we think his Honor erred.
2. The certificates were both original entries, to-wit: that on the deed, and that on the foot of the deed in the record book. But there was doubt how the former should be read. What objection could there be to the introduction of the certified copy to make clear the meaning? None, we hold. A second question raised and discussed in this case, is this: Whether a marriage settlement should be recorded in every county where the' husband may subsequently reside? or whether one registration made in the county of the residence of the husband at the time-will suffice ? And this depends upon the construction of the-Act of 1847 : Cobb’s Digest, 180, which is in these words:-
Section I. “ That all marriage agreements or settlements heretofore executed, either within this or any other State or territory, where the husband resides within the limits of this State, shall be recorded within twelve months after the passage- and publication of this Act, in the clerk’s office of the Superior Court in the county of the residence of the husband.”
Section II. “All marriage agreements or settlements hereafter made, either in this State or any other State or territory *154 where the husband resides in this State, shall be recorded within three months from the execution thereof, in the clerk’s office of the Superior Court of the county of the husband’s residence.”
Section III. “If any such instrument be not recorded within the time prescribed by this Act, the same shall not be of any force or effect against a bona fide purchaser without notice, a bona fide creditor without notice, or a bona fide surety without notice, who may purchase or give credit, or become surety before the actual recording of the same.”
We remark, that prior to this Act, marriage settlements-were not required to be recorded, and although policy might require a recording in any county to which the husband might subsequently remove, the Act itself does not go so far, and it will be for the Legislature and not the Courts to extend the remedy, if, in their opinion, the mischief requires it.
3. Claimant introduced two deeds from Brown to Clark, trustee of Mrs. Brown, dated in December, 1851, and recorded within a few days after they were given : one for the house and lot and the other for the negroes, on which the attachment was levied, and sundry testimony going to show that Brown had removed and sold various articles of property coming to his wife from the estate of her former husband, Bedingfield, and for' which he was indebted to her large sums of money, and then requested the Court to charge the jury that, even if the marriage contract between Brown and his wife was not duly recorded, yet, that it was a good contract between the parties, and if Brown became indebted to his wife by applying her property to his own use, he might lawfully pay it, even though in failing circumstances, the debt due from him to her being a lawful consideration ; that if the property that Mrs. Brown brought into the marriage was not in his possession at the time, but was obtained by Brown from the executor of Bedingfield’s estate, by virtue of, and in •accordance with, the marriage settlement, then his marital rights never did attach; but if he afterwards became her trustee, and held the property as such, and used the proceeds, he became his wife’s debtor, and might lawfully convey property to her, as well as to other creditors, in payment of what he owed her. To these requests the Court responded, that if Brown became in *155 debted to his wife by virtue of a marriage settlement duly recorded in the county of his residence at the time, or duly recorded in the county of his residence at any time before the credit was given, he may pay her, as well as any other creditor: Provided, the transaction was bona fide. We are not prepared to go further than the Circuit Judge.
Let the judgment be reversed, on the ground that the Court erred in rejecting the certified copy of the record from Stewart county, as explanatory of the date of the registration of the marriage settlement.